UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA            :

               - against -            :

PERSIO TORRES-NUNEZ,            :

                 Defendant.            :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**MEMORANDUM DECISION**

87-cr-00419-DC-16

**APPEARANCES:**         AUDREY STRAUSS, Esq.
United States Attorney for the
Southern District of New York
         By:    Sarah L. Kushner, Esq.
               Assistant United States Attorney
One Saint Andrew's Plaza
New York, New York 10007

CLEARY GOTTLIEB STEEN & HAMILTON LLP
Attorneys for Defendant
         By:    Victor L. Hou, Esq.
One Liberty Plaza
New York, New York 10006

**CHIN, Circuit Judge:**

       Defendant Persio Torres-Nunez moves for compassionate release

pursuant to 18 U.S.C. § 3582(c)(1)(A), as modified by the First Step Act (the "FSA"), Pub.

L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018).  Dkt. No. 269 ("Def. Mem.").  He contends

that there are "'extraordinary and compelling reasons' warranting his immediate

release" from prison because of "the risk of serious illness or death should he contract

COVID-19 and the compounding threat of infection" in prison. Def. Mem. at 1. He further contends that the sentencing factors set forth in 18 U.S.C. § 3553(a) weigh in favor of his release. For the reasons set out below, the motion is GRANTED to the extent set forth below.

## BACKGROUND

**A.**    **Torres-Nunez's Crimes, Conviction, and Sentencing**

In 1988, a jury convicted Torres-Nunez of narcotics and racketeering crimes, in violation of 21 U.S.C. §§ 841(b)(1)(B), 846, 848 and 18 U.S.C. § 1962(c) and (d). On July 29, 1988, the district court (Edelstein, *J.*) sentenced him principally to 60 years' imprisonment and a term of supervised release of life. With credit for his good conduct, he is scheduled to be released in November 2024. Gov't Opp'n, Dkt. No. 273, at 2; Def. Mem. at 6.

**B.**    **Torres-Nunez's Request for Compassionate Release**

Torres-Nunez has moved to modify his sentence several times, and each time, this Court was constrained to deny his request. On May 19, 2008, I denied Torres-Nunez's motion for a reduction of sentence under 18 U.S.C. § 3582(c)(2) because he was not eligible for resentencing under the retroactive amendments to the Sentencing Guidelines. *United States v. Torres-Nunez*, No. 87 Cr. 419 (DC), 2008 WL 2127761 (S.D.N.Y. May 19, 2008). On June 2, 2009, I denied Torres-Nunez's motion to correct his sentence under former Rule 35(a) of the Federal Rules of Criminal Procedure. *United*

*States v. Torres-Nunez*, No. 87 Cr. 419 (DC), 2009 WL 1531561 (S.D.N.Y. June 2, 2009). On

May 11, 2012, I denied Torres-Nunez's motion for reconsideration of its June 2, 2009

order. Dkt. No. 237. On June 26, 2015, I denied Torres-Nunez's motion for a reduction

of his sentence under 18 U.S.C. § 3582(c)(2). Dkt. No. 255. On March 30, 2018, I denied

Torres-Nunez's motion to correct and reduce his sentence pursuant to *United States v.*

*Holloway*, 68 F. Supp. 3d 310 (E.D.N.Y. 2014). Dkt. No. 257. And finally, on January 16,

2019, I denied Torres-Nunez's motion for compassionate based on the then-existing law.

Dkt. No. 259.

Torres-Nunez moved again for compassionate release and the

appointment of counsel on November 18, 2020. Dkt. No. 260. I granted his request for

counsel on January 27, 2021. Dkt. No. 262. Through his counsel, he renewed his

request for compassionate release on March 17, 2021. Dkt. No. 269.

## DISCUSSION

### A.    Applicable Law

Pursuant to 18 U.S.C. § 3582(c)(1)(A), as modified by the FSA, a court may

reduce a defendant's sentence upon motion of the Director of the Bureau of Prisons (the

"BOP") or the defendant. *See United States v. Gil*, No. 90 Cr. 306 (KMW), 2020 WL

2611872, at *1 (S.D.N.Y. May 22, 2020); *United States v. Patterson*, No. 17 Cr. 118-6 (KPR),

2020 WL 2571044, at *2 (S.D.N.Y. May 21, 2020). A defendant may move for a reduction

under the statute only upon exhausting administrative remedies within the BOP.  *See* 18 U.S.C. § 3582(c)(1)(A).

A court may reduce a sentence if it finds, "after considering the factors set forth in section 3553(a) to the extent they are applicable," that "extraordinary and compelling reasons warrant such a reduction" and that the reduction "is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A).

Section 3582(c)(1)(A) provides that a court may reduce a sentence if extraordinary and compelling reasons are shown.  18 U.S.C. § 3582(c)(1)(A).  Courts were previously bound by U.S. Sentencing Guidelines Manual § 1B1.13, which limited the reasons that qualified as extraordinary and compelling.  *United States v. Brooker*, 976 F.3d 228, 230 (2d Cir. 2020).[1]  The Second Circuit has now held, however, that district courts are free to "consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release."  *Brooker*, 976 F.3d at 237; *see also United States v. Ciprian*, No. 11 Cr. 1032 (PAE), 2021 U.S. Dist. LEXIS 18698, at *5 (S.D.N.Y. Feb. 1, 2021) ("[T]he Court is not constrained by either § 1B1.13's enumeration of extraordinary and compelling reasons or by its freestanding requirement that the defendant seeking release not pose any danger to the

---

[1]      Pursuant to the Sentencing Guidelines, extraordinary and compelling reasons were limited to: the medical condition of the defendant, the age of the defendant, family circumstances, and other reasons determined by the BOP.  U.S. Sentencing Manual § 1B1.13, n.1.

community."); *United States v. Pellegrino*, No. 18-CR-0496-1(JS), 2020 WL 5820325, at *4 (E.D.N.Y. Sept. 30, 2020). Thus, a district court has broad discretion in considering what circumstances constitute extraordinary and compelling reasons. *Id.* Rehabilitation alone, however, "shall not be considered an extraordinary and compelling reason." 28 U.S.C. § 994(t).

If a defendant qualifies for a reduction, the court must decide whether to grant the reduction by weighing the factors set forth in section 3553(a), to the extent they are applicable. *See United States v. Israel*, No. 05 CR 1039 (CM), 2019 WL 6702522, at *2 (S.D.N.Y. Dec. 9, 2019). These include: the nature and circumstances of the offense; the defendant's history and characteristics; the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, and to provide the defendant with needed medical care; and the need to avoid unwarranted disparities in sentences. *See* 18 U.S.C. § 3553(a).

On a motion for compassionate release, the defendant bears the burden of showing that a reduction is warranted. *See Patterson*, 2020 WL 2571044, at *2.

**B.     Application**

As a threshold matter, the government concedes that Torres-Nunez has exhausted his administrative remedies and demonstrated extraordinary and compelling reasons warranting a sentence reduction. Gov't Opp'n at 4 ("The Government does not

dispute that the defendant has exhausted his administrative remedies and that, at a minimum, his BMI and serious heart conditions place him at an increased risk of contracting COVID-19, which constitute an 'extraordinary and compelling' reason under 18 U.S.C. § 3582.").

Accordingly, I first address the extraordinary and compelling reasons for granting release, and then consider whether to grant the motion by weighing the factors set forth in section 3553(a). I conclude that Torres-Nunez has shown extraordinary and compelling reasons for granting release, and that the statutory factors weigh in favor of granting the motion.

### 1. Extraordinary and Compelling Reasons

Section 3582(c)(1)(A) does not define "extraordinary and compelling reasons." Rather, the Court has broad discretion to consider reasons beyond those listed in the Sentencing Guidelines, including "the severity of [the defendant's] sentence in weighing his motion for compassionate release," *United States v. Vargas*, No. 88 Cr. 325 (VEC), 2020 WL 6886646, at *6 (S.D.N.Y. Nov. 24, 2020), the defendant's "age at the time of his crime and the sentencing court's statements about the injustice of his lengthy sentence," and "the present coronavirus pandemic, which courts around the country . . . have used as a justification for granting some sentence reduction motions." *Brooker*, 976 F.3d at 238. Where "no single factor alone" may justify release, the total circumstances may still rise to the level of extraordinary and compelling reasons for release. *See*

*Vargas*, 2020 WL 6886646, at *1 (finding that, in combination, the defendant's rehabilitation, harsh sentence, medical issues, the pandemic, and intention to care for his mother were extraordinary and compelling reasons).  I conclude that Torres-Nunez has demonstrated extraordinary and compelling circumstances that qualify him for compassionate release.

First, Torres-Nunez was sentenced to 60 years in prison, an exceedingly harsh sentence for his crimes.   His offense conduct predated the Sentencing Guidelines, but his Pre-Sentence Report ("PSR") calculated the sentence he would have received under the then-existing mandatory Guidelines scheme, as this was prior to the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220, 245 (2005).  According to the calculation in the PSR, Torres-Nunez's sentencing range would have been 12 to 17.5 years under the Guidelines then in effect.  PSR at 27.  If Torres-Nunez were sentenced today, his Guidelines range would likely even be lower.  *See United States v. Clark*, No. 97-CR-817 (DC), 2021 WL 1066628, at *4 (S.D.N.Y. March 18, 2021); *see also Vargas*, 2020 WL 6886646, at *5.

Second, according to the BOP, Torres-Nunez is scheduled to be released in November 2024.  Gov't Opp'n at 2; Def. Mem. at 6.  As he has already been in prison for approximately 33 years, he has served over 90% of his estimated time of incarceration.

Third, Torres-Nunez has made significant strides toward his rehabilitation.  In denying his previous request for compassionate release, I noted that

he "has demonstrated an excellent record of behavior during his time in prison," as shown by "a strong letter of reference from his supervisor at the Federal Prisons Industries Unicor as well as numerous certificates of achievement and recognition for completing various programs offered by the prison." Dkt. No. 259 at 4. During his time in prison, Torres-Nunez has also worked toward his GED, Dkt. No. 270, Ex. E at 16; Def. Mem. at 21, become a Spanish mentor, Dkt. No. 270, Ex. E at 14, and participated in many programs related to resisting substance abuse, *e.g.*, Dkt. No. 270, Ex. E at 20. Indeed, the government has not identified a single disciplinary infraction he has received during the 33 years of his incarceration.

Fourth, as the government acknowledges, Torres-Nunez suffers from "severe heart conditions," Gov. Opp. at 4, among other health problems, that place him at increased risk of serious illness or death from COVID-19. The "increased risk merely from being in prison," *Clark*, 2021 WL 1066628, at *8, coupled with Torres-Nunez's substantial vulnerability to COVID-19, constitutes an extraordinary and compelling reason for compassionate release. *See, e.g.*, *Vargas*, 2020 WL 6886646, at *7; *see also United States v. Pacheco*, No. 12 Cr. 408 (JMF), 2020 WL 4350257, at *1 (S.D.N.Y. July 29, 2020) ("[T]he threat of COVID-19 to those in prison, by itself, constitutes an extraordinary and compelling reason for compassionate release.").

2. **The 3553(a) Factors**

I conclude, based on the circumstances discussed above and consideration of the section 3553(a) factors, that Torres-Nunez's motion should be granted. First, while his offenses were indeed serious, they were nonviolent, and his subsequent rehabilitation demonstrates that the "time he has served in prison has achieved much of the original sentence's retributive, deterrent, and incapacitative purpose." *United States v. Pena*, 459 F. Supp. 3d 544, 551 (S.D.N.Y. May 8, 2020).

Second, shortening Torres-Nunez's sentence does not undermine the seriousness of the offense or fail to respect the law, provide just punishment, or adequately deter criminal conduct. As discussed above, Torres-Nunez's sentence was imposed without the benefit of the Sentencing Guidelines, and under today's sentencing scheme, he surely would not have received such a harsh sentence. Additionally, courts have found that compassionate release for defendants who have served the significant majority of their sentences does not undermine sentencing goals. *See, e.g.*, *United States v. Van Praagh*, No. 14 Cr. 189 (PAC), 2020 WL 3892502, at *4 (S.D.N.Y. July 10, 2020). With his anticipated release in November 2024, Torres-Nunez has served over 90% of his expected period of incarceration; and he has served double the time he would have received if the mandatory Guidelines had been applied.

Finally, Torres-Nunez poses no danger to the public. His substantial accomplishments in prison demonstrate his rehabilitation, and upon release, he plans to

live with his son and his daughter-in-law -- an active-duty police officer.  Def. Mem. at 12.

Accordingly, the 3553(a) factors weigh in favor of Torres-Nunez's compassionate release.

## **CONCLUSION**

Torres-Nunez's motion for compassionate release is hereby GRANTED, as follows:

1.	Torres-Nunez's sentence of incarceration is reduced to time served plus ten days;

2.	the BOP shall release Torres-Nunez from custody, no later than ten days from today; and

3.	Torres-Nunez's term of supervised release is reduced to three years, subject to the conditions of release set forth in the original judgment, with the following modifications:

a.	Upon release, Torres-Nunez shall travel from his facility to his son's home in Florida, wearing a mask en route, and shall comply with any applicable COVID-19 protocols; and

b. Torres-Nunez shall report to the nearest Probation Office within 15 days after his release from custody.

SO ORDERED.

Dated: New York, New York
April 28, 2021

_____/s/DC_____
DENNY CHIN
United States Circuit Judge
Sitting by Designation